UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMUEL BOWENS, *Individually and On Behalf of All Others Similarly Situated,*<br><br>Plaintiff,<br><br>v.<br><br>OLD DOMINION FREIGHT LINES, INC.,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |

Defendant Old Dominion Freight Lines, Inc. ("Old Dominion" or "ODFL") hereby removes this case to the United States District Court for the Southern District of New York, under 28 U.S.C. 1332, 1441, 1446, and 1453. The grounds for removal are as follows:

1. On or about May 13, 2021, Plaintiff Samuel Bowens ("Bowens") commenced *Bowens v. Old Dominion Freight Lines, Inc.* (the "State Court Action") in the Supreme Court of the State of New York, County of Orange. (NYCEF Doc. No. 2)

2. The State Court Action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1453 because Defendant has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

**I.   DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

3. Bowens served Old Dominion with the Complaint on May 13, 2021. (*See* Exhibit A). Old Dominion answered on July 20, 2021. Bowens later amended his complaint, which he served on Old Dominion on September 13, 2021. (*See* Exhibit B). Old Dominion stipulated to the propriety of the amendment and that it would not respond to the Amended Complaint until September 28, 2021. Accordingly, this Notice of Removal is timely under Rule 6 of the Federal

Rules of Civil Procedure and 28 U.S.C. § 1446(b) because it was filed within thirty days after receipt by Old Dominion, through service or otherwise, of a copy of the "initial pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

4. As of the date of this removal, Old Dominion has not filed a responsive pleading to the Amended Complaint. Old Dominion reserves all rights to assert any and all defenses or otherwise respond to the Amended Complaint. Old Dominion further reserves the right to amend or supplement this Notice of Removal.

5. Venue lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court located within the Southern District of New York. Venue, therefore, is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

6. Pursuant to 28 U.S.C. § 1446(a), true and exact copies of the Complaint served on Defendants are attached as Exhibit A. A true and exact copies of the Amended Complaint served on Defendants is attached as Exhibit B.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Bowens, and a copy is being filed with the clerk of the Supreme Court of the State of New York, County of Orange.

## II.     REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

8. The Court has original jurisdiction over this action, and the action may be removed to this Court, under the Class Action Fairness Act of 2005 ("CAFA"). Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of Title 28).

9. As set forth below, this is a putative class action in which: (1) there are more than 100 members in the putative class proposed by Bowen; (2) at least one member of the proposed class is a citizen of a different state than at least one Defendant; and (3) based upon the allegations in the Complaint, the claims of the putative class members place in controversy an amount that exceeds the sum or value of $5 million in the aggregate, exclusive of interest and costs. Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d).

A. **Plaintiff's Proposed Class Consists of More than 100 Members.**

10. Bowens purports to bring this case as a class action "[a]ll current and former employees of [Old Dominion], who during the period of April 27, 2015 to present date ["applicable limitations period"] performed any work as truck drivers throughout and within New York and were not paid overtime compensation at a rate of one-half times the prevailing New York minimum wage for work weeks in excess of 40 hours." (Am. Compl. ¶ 38.)

11. Old Dominion's records show that 356 people worked as truck drivers in New York from April 27, 2015 to the present.

12. Accordingly, based on the allegations in the Complaint, the number of members of the putative class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

B. **Minimal Diversity Exists.**

13. This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which -- (A) *any member of a class of plaintiffs is a citizen of a State different from any defendant. . .*) (emphasis added).

14. Old Dominion is, and was at the time it was served with both the Complaint and Amended Complaint, a corporation created and existing under the laws of the State of Virginia with its principal place of business in North Carolina. Therefore, Old Dominion is a citizen of Virginia and North Carolina.

15. Plaintiff Bowens alleges that he is a citizen of New Jersey. (Am. Compl. ¶ 4.) He purports to represent other class members who worked throughout and within the State of New York. (Am. Compl. ¶ 38.)

16. Because at least one member of the putative class is diverse from at least one defendant, the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

**C.   The Amount in Controversy Exceeds $5 Million.**

17. "Jurisdictional facts such as the amount in controversy are evaluated on the basis of the pleadings viewed at the time when the defendant files the notice of removal." *L. offs. Of K.C. Okoli, P.C. v. BNB Bank, N.A.,* 481 F. App'x 622, 625 (2d. Cir. 2012). At the appropriate time, Defendant will demonstrate that Bowens and the putative class are not entitled to any of the relief sought in the Amended Complaint, but for purposes of the removal analysis, the allegations in the Complaint demonstrate that the amount in Controversy exceeds $5 million.

18. Bowens alleges on behalf of himself and the putative class that Old Dominion violated the minimum wage provisions of the New York Labor Law ("NYLL") by failing to pay for work during meal breaks. Bowens further alleges that Old Dominion violated the overtime provisions of the NYLL by failing to compensate class members for all overtime hours in a work week in excess of forty.

19. "[A]llegedly unpaid minimum wages, statutory penalties for [defendant] alleged failure to provide wage notices and wage statements, and attorney's fees" may all be considered

4

in determining the amount in controversy. *Ramirez v. Oscar De La Renta,* 2017 WL 2062960, at *4 (S.D.N.Y. May 12, 2017).

20. Based upon a preliminary examination of Old Dominions' business records, as many as 356 individuals may be considered members of the putative class as Bowens has proposed it.

21. Plaintiff alleges that the class is owed "damages for [a] all work performed; [b] all unpaid minimum wages; [c] all unpaid overtime compensation; [d] all unpaid wages due and owing at the time of termination of his employment, together with such other amounts for liquidated damages, prejudgment interest, attorney's fees, costs, and other compensation pursuant to NYLL." (Compl. ¶ 62.)

22. Plaintiff has estimated that he is owed approximately $2,000 per year in unpaid overtime compensation.

23. Based on a potential class size of 356 persons, $2,000 per person per year for six years translates to $4,272,000 in alleged damages for violations of the NYLL's overtime provisions. *See Hart v. Rick's NY Cabaret Int'l, Inc.,* 967 F. Supp. 2d 955, 962 (S.D.N.Y. 2014) ("[I]t is reasonable to calculate class damages by extrapolating from [the named plaintiff's] assumed damages.").

24. NYLL § 198 provides for "an additional amount as liquidated damages equal to one hundred percent of the total amount of wages found to be due." Here, Plaintiff's claim for liquidated damages on behalf of the class he purports to represent – if extrapolated from his individual claim's alleged value – places in controversy an amount that could rise as high as $4,272,000.

25. In addition to unpaid minimum wages, overtime pay, and statutory penalties, the amount in controversy includes "attorney's fees." *Ramirez*, 2017 WL 2062960, at *5.

26. Attorney's fees of 33% of $8,544,000 total $2,819,520. Together with alleged unpaid overtime compensation and liquidated damages, the amount in controversy, based on Plaintiff's allegations and representations, is at least $11,363,520.

27. Because the amount in controversy exceeds $5,000,000, the putative class exceeds 100 people, and minimal diversity exists, this case may be removed under 28 U.S.C. § 1332(d).

### III.  NO WAIVER OF RIGHTS.

In making the foregoing statements for purposes of removal, Defendant does not concede in any way that the allegations in the Complaint are accurate or meritorious, that Defendant has violated the NYLL in any way, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any amount is authorized or appropriate. This Notice of Removal does not waive any objections Defendant has or any and all other claims or defenses by Defendant, all of which are expressly preserved herein.

This case is thus removed to this Court from the Supreme Court of the State of New York, County of Orange.

Dated: Atlanta, GA
       September 28, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ *Brett C. Bartlett*
    Brett C. Bartlett
    bbartlett@seyfarth.com
    1075 Peachtree Street, N.E.
    Suite 2500
    Atlanta, GA  30309-3958
    Telephone:  (404) 885-1500
    Facsimile:  (404) 892-7056

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on September 28, 2021, a copy of the foregoing NOTICE OF REMOVAL was filed electronically using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

>*/s/ Brett C. Bartlett*
>Brett C. Bartlett
>*Counsel for Defendant*